UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES THOMAS,

    Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-568-DRL-MGG

FIFTH THIRD BANK,

    Defendant.

OPINION AND ORDER

James Thomas, a prisoner without a lawyer, filed a complaint alleging someone fraudulently cashed his bond refund check which was issued by the Clerk of the Circuit Court of St. Joseph County from an account held at Fifth Third Bank. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Thomas alleges his bond refund check was cashed, but not by him. He attaches a copy of the check showing it was electronically deposited on April 4, 2023. ECF 1-1 at 2-3. He alleges he could not have made that deposit because he was in jail. He alleges the endorsement signature is a forgery. He seeks $30,000 to compensate him because he did

not get his $695 check. He sues because "Fifth Third Bank did not make sure my check got cashed by the right person." ECF 1 at 2.

To the extent Mr. Thomas has a claim against Fifth Third Bank, that claim arises under state law, not federal law. *See* Indiana Code 26-1-4-101 et seq. (Uniform Commercial Code Bank Deposits and Collections). This court has the obligation to inquire into its own subject matter jurisdiction. *Thomas v. Guardsmark, LLC,* 487 F.3d 531 (7th Cir. 2007). Without federal question jurisdiction, diversity jurisdiction would be the only basis for bringing this case in federal court. "[T]o support diversity jurisdiction under 28 U.S.C. sec. 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $ 75,000)." Here, the citizenship of the parties is uncertain, but the amount in controversy is not. Mr. Thomas is suing for $30,000. Though it is unclear if he has a valid claim for $30,000 based on the fraudulent endorsement of his $695 check, it is clear $30,000 is less than $75,000. Mr. Thomas may be able to bring this case in State court, but this court lacks jurisdiction to adjudicate this claim. It is legally frivolous to bring a lawsuit in a court that lacks jurisdiction.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). As explained, such is the case here.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A.

SO ORDERED.

December 11, 2023                              *s/ Damon R. Leichty*
                                                                   Judge, United States District Court